Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | CHARLES P. KOCORAS | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 6664 | **DATE** | October 23, 2012 |
| **CASE TITLE** | George Anthony Manchur (#2012-0329125) vs. Cermak Health Services, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for appointment of counsel (Doc [8]) is denied, without prejudice. **The plaintiff is once again reminded that he is required to provide the court with the original plus a judge's copy of every document filed.**

■ [For further details see text below.]

Docketing to mail notices.

## STATEMENT

The plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendant, a physician's assistant at the jail, violated his constitutional rights by acting with deliberate indifference to his serious medical needs. More specifically, the plaintiff alleges that the defendant advised him that he will not receive needed medication for his hepatitis and cirrhosis unless he remains at the jail for at least a year. This matter is before the court for ruling on the plaintiff's motion for appointment of counsel.

There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to request counsel for an indigent litigant. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), *citing Johnson*, 433 F.3d at 1006. When a *pro se* litigant submits a request for appointment of counsel, the court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own, or conversely, if he has been precluded from doing so. *Pruitt*, 503 F.3d at 654. Next, the court must evaluate the complexity of the case and whether the plaintiff appears competent to litigate it on his own. *Id.* at 654-55. Another consideration is whether the assistance of counsel would provide a substantial benefit to the court or the parties, potentially affecting the **(CONTINUED)**

mjm

outcome of the case. *Id.* at 654; *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004).

After considering the above factors, the court concludes that appointment of counsel is not warranted in this case. First, the plaintiff has failed to show either that he has made reasonable efforts to retain private counsel or that he has been effectively precluded from making such efforts. In any event, although the complaint sets forth cognizable claims, the plaintiff has alleged no physical or mental disability that might preclude him from adequately investigating the facts giving rise to his complaint. Neither the legal issues raised in the complaint nor the evidence that might support the plaintiff's claims are so complex or intricate that a trained attorney is necessary. The plaintiff, whose submissions to date have been coherent and articulate, appears more than capable of presenting his case. It should additionally be noted that the court grants *pro se* litigants wide latitude in the handling of their lawsuits. Should the case proceed to a point that assistance of counsel is appropriate, the court may revisit this request.

As a final concern, the plaintiff is reminded of basic filing requirements. The plaintiff must (1) provide the court with the original plus a judge's copy of every document filed and (2) include a certificate of service showing that a copy was mailed to opposing counsel (once defense counsel enters an appearance in this case).